## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 12, 2005

The Honorable Robert R. Puente
Chair, Committee on Natural Resources
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0355

Re: Whether two persons who have been elected to serve as directors of the Bexar Metropolitan Water District, but whose elections have not yet been certified, and who have not yet taken the oath of office, should be counted as directors for purposes of determining the presence of a quorum under the Open Meetings Act, chapter 551, Government Code (RQ-0326-GA)

Dear Representative Puente:

You ask whether two persons who have been elected to serve as directors of the Bexar Metropolitan Water District, but whose elections have not yet been certified, and who have not yet taken the oath of office, should be counted as directors for purposes of determining the presence of a quorum under the Open Meetings Act, chapter 551, Government Code.[1] You also ask whether, if the answer to the first question is in the affirmative, a meeting between the newly elected but not yet sworn in directors and two currently serving directors constitutes a "meeting" for purposes of the Act. *See* Request Letter, *supra* note 1, at 1.

The Bexar Metropolitan Water District ("BexarMet") was created by a special act of the legislature in 1945 pursuant to the provisions of article XVI, section 59 of the Texas Constitution. *See* Act of May 10, 1945, 49th Leg., R.S., ch. 306, §§ 1-31, 1945 Tex. Gen. Laws 491, 491-505. BexarMet was originally created as "a conservation district wholly within Bexar County, Texas," *id.* at 491, but section 6 authorized the district to annex areas outside its original boundaries. *See id.* § 6 at 496-97. A special law enacted in 2003 amended BexarMet's enabling legislation to "include territory defined in all or applicable portions of census tracts or property situated within any area certificated by the Texas Commission on Environmental Quality to the District on the date of passage of the Act adding this section pursuant to Certificates of Convenience and Necessity Nos.

---

[1]*See* Letter from Honorable Robert R. Puente, Chair, Committee on Natural Resources, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Mar. 10, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

10675, 12759, and 12760." Act of May 30, 2003, 78th Leg., R.S., ch. 375, § 3, 2003 Tex. Gen. Laws 1593, 1596.[2]

Initially, the elected board of directors of BexarMet consisted of five members. *See* Act of May 10, 1945, 49th Leg., R.S., ch. 306, § 8(a), 1945 Tex. Gen. Laws 491, 498. In 1996, however, litigation was filed in federal district court against the district and its directors alleging that the statutory scheme for electing directors and the boundaries of the district violated various provisions of federal law. The court entered a Consent Order providing, *inter alia*, that directors must be elected from single-member districts and that the number of directors must be increased from five to seven. *See Rios v. Bexar Metro. Water Dist.*, SA-96-CA-335 (W. Dist. Tex., Apr. 22, 1996) (Findings of Fact and Conclusions of Law in Support of Preliminary Injunction and Approval of Consent Order). In 2004, the court having jurisdiction in *Rios* issued a Clarification Order to amend the 1996 Consent Order. The Clarification Order stated that "[b]ecause the Court's prior order was intended to be consistent with state law, the Court hereby amends, in part, its order entered April 22, 1996 to clarify that the terms of director . . . shall be governed by applicable state law, as currently reflected in section 49.103(a) of the Texas Water Code and future amendments thereto." *Rios v. Bexar Metro. Water Dist.*, SA-96-CA-335 (W. Dist. Tex., July 22, 2004) (Clarification Order).

The same federal court ordered special elections for two director positions to be held in February, 2005. According to a brief filed by the attorney for BexarMet, "[a] special election was held on February 5, 2005 to elect two (2) directors to the BexarMet Board of Directors, one (1) in District 5 and one (1) in District 6."[3] These two directors-elect met privately with two then-serving directors on February 12, 2005. *See* Brief, *supra* note 3, at 2. Then, two days later on February 14, 2005, "[a] special meeting of the BexarMet Board of Directors and of the Local Canvassing Authority was held." *Id.* Two individuals were declared the winners of the election, whereupon each of them executed and filed their "Statement of Elected Officer" and took the oath of office. *Id.* at 3-4. You first ask whether the individuals who had been elected, but whose election had not yet been certified, and who had not yet taken the oath of office, should be counted in determining the presence of a quorum of the district board.

The Open Meetings Act provides that "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002 (Vernon 2004). "Governmental body" is defined to include, *inter alia*, "the governing board of a special district created by law." *Id.* § 551.001(3)(H). BexarMet, as a "special district created by law," *id.*, is clearly a governmental body subject to the Act. A "meeting" occurs only when a quorum of members of the governmental body is present. *Id.* § 551.001(4). The Act does not define the term "member." Thus, we look to other law to determine when a person becomes a "member" of the board of directors of a special district.

---

[2]*See Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 84 (Tex. App.–Austin 2004, pet. filed) (BexarMet now includes "areas in Bexar, Comal, Medina, and Atascosa counties.").

[3]Brief from Melissa M. Castro, General Counsel, Bexar Metropolitan Water District, to Nancy S. Fuller, Chair, Opinion Committee, at 3 (Apr. 29, 2005) [hereinafter Brief].

Chapter 49 of the Water Code applies, with certain exceptions not relevant here, "to all general and special law districts to the extent that the provisions of this chapter do not directly conflict with a provision in any other chapter of this code or any Act creating or affecting a special law district." TEX. WATER CODE ANN. § 49.002(a) (Vernon 2000). The term "district" includes any district or authority created pursuant to, *inter alia*, article XVI, section 59 of the Texas Constitution. *Id.* § 49.001(1) (Vernon Supp. 2004-05). Thus, BexarMet is subject to the provisions of chapter 49 of the Water Code. *See also Rios v. Bexar Metro. Water Dist.*, SA-96-CA-335 (W. Dist. Tex., July 22, 2004) (Clarification Order).

Section 49.055 of the Water Code provides the following:

> (a)  As soon as practicable after a director is elected or appointed, that director shall make the sworn statement prescribed by the constitution for public office.

> (b)  As soon as practicable after a director has made the sworn statement, *and before beginning to perform the duties of office*, that director shall take the oath of office prescribed by the constitution for public officers.[4]

TEX. WATER CODE ANN. § 49.055(a)-(b) (Vernon 2000) (emphasis added). These two provisions make clear that a "director" of a district subject to chapter 49 must make the constitutionally prescribed sworn statement and "take the oath of office prescribed by the constitution for public officers" *before* "beginning to perform the duties of office." *Id.* Manifestly, a director-elect is not a "member" of the board of directors for purposes of the Open Meetings Act until the director-elect has signed the required sworn statement and taken the oath of office. *See also* TEX. CONST. art. XVI § 17 ("All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."). In the situation you pose, the newly elected directors did not become members of the BexarMet board of directors until they took the oath of office on February 14, 2005. Because those individuals were not members of the board before that date, they should not be counted in determining the presence of a quorum of the board.

Although your second question is premised on an affirmative answer to your first question, we will nevertheless address it briefly. You ask whether a meeting between the two directors-elect and the two currently serving directors constitutes a "meeting" for purposes of the Open Meetings Act. It is undisputed that the two soon to be directors met privately with two currently serving directors two days before the former were sworn in as directors. *See* Brief, *supra* note 3, at 3. "A quorum of a public body is a majority of the number of members fixed by statute." TEX. GOV'T CODE ANN. § 311.013(b) (Vernon 2005); *accord id.* § 312.015 (construction of civil statutes). Although the "number of members fixed by statute" in the present instance is five, the number fixed by the federal court's consent order is seven. *See Rios v. Bexar Metro. Water Dist.*, SA-96-CA-335 (W. Dist. Tex., Apr. 22, 1996) (Findings of Fact and Conclusions of Law in Support of Preliminary

---

[4]The oath required for all elected officers is set forth in article XVI, section 1 of the Texas Constitution.

Injunction and Approval of Consent Order). Thus, a quorum of the seven member board of BexarMet is four persons. If fewer than four members of the board as constituted on February 12, 2005 met with the soon to be directors, a quorum was not present. A "meeting," as we have noted, requires the presence of a quorum of the members of a board.[5]

We conclude that the two persons who had been elected to serve as directors of the Bexar Metropolitan Water District, but whose elections had not yet been certified, and who had not yet taken the oath of office, should not be counted as directors for purposes of determining the presence of a quorum under the Open Meetings Act, chapter 551, Government Code. A meeting between the newly elected but not yet sworn in directors and two currently serving directors did not constitute a "meeting" for purposes of the Act because no quorum of the district board was present.

---

[5]We note that you introduced a bill in the 2005 regular legislative session that would have added section 49.0645 to the Water Code to provide the following:

> Sec. 49.0645. APPLICABILITY OF OPEN MEETINGS LAW TO DIRECTORS WHO HAVE NOT QUALIFIED TO SERVE AS DIRECTOR. A director who has been elected to the board but has not qualified to serve as director, as required by Section 49.055, is considered a member of the board for purposes of Chapter 551, Government Code.

Tex. H.B. 2046, 79th Leg., R.S. (2005). The bill passed the House but was left pending in a Senate committee.

## S U M M A R Y

Two persons who had been elected to serve as directors of the Bexar Metropolitan Water District, but whose elections had not yet been certified, and who had not yet taken the oath of office, should not be counted as directors for purposes of determining the presence of a quorum under the Open Meetings Act, chapter 551, Government Code. A meeting between the newly elected but not yet sworn in directors and two currently serving directors did not constitute a "meeting" for purposes of the Act because no quorum of the district board was present.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee